ELIZABETH BAKER v. W. V. MITCHELL and D O BAKER.

(Decided November 29, 1898.)

*Deed, Reformation of—Omitted Agreement.*

Where the Court is asked to reform a deed by annexing to it an alleged omitted agreement, and the evidence, in any reasonable view of it, will not warrant the inference by the jury that there was any such agreement, as alleged by the plaintiff, the Court should so instruct them.

CIVIL ACTION to reform a deed, tried before *Coble, J.,* at Spring Term, 1898, of ALEXANDER Superior Court.

The plaintiff was the owner of a life estate in a tract of land, 66⅔ acres, which she conveyed on 20th April, 1893, to the defendant D. O. Baker, her grand-son—consideration stated being $40.

123—22

D. O. Baker was the owner in part of the reversion-ary interest, and on 7th February, 1894, upon the named consideration of $200, conveyed the land to the defend-ant W. V. Mitchell, who was the plaintiff's son-in-law. Mitchell deeded the land to his own wife on 15th Jan-uary, 1895.

The complaint charges, that in conveying the land to D. O. Baker it was part of the agreement that she was to have a support for life, and that the land was to be charged with it, but that this covenant was fraudulent-ly omitted by him, when he had the deed drawn—also, that the defendant Mitchell knew of this agreement when he took his deed from D. O. Baker—and that by reason of the fraud and wrong of the defendants she has been deprived of her land and support.

The prayer for relief is, "that the said deed of the de-fendant be corrected so as to allow the proper consider-ation and to charge the land with her support, that she be allowed a reasonable amount for her support and that the same be declared a charge upon the land, and for such other and further relief as the merits of the case require."

The answer of defendants denies that the deed from plaintiff was obtained by fraud and misrepresentation and avers that $40 was a full and fair consideration for her interest in the land—and denies that there was any agreement for her support.

To the first issue : Was the deed executed by the plaintiff to the defendant D. O. Baker, obtained by fraud and misrepresentation or undue influence on the part of the said D. O. Baker, or any one for him? The jury answered, No.

To the second issue : Was the said deed executed for

a fair and reasonable consideration? The jury answered, Yes.

To the third issue : Was the plaintiff to have her sup-- port and maintenance on said land, when the said deed was executed ?   The jury answered, Yes.

The defendant objected to all the issues except the first and second.

In reference to the third issue, they asked the following special instructions :

That there is no legal evidence in this case to warrant the jury in finding that there was a contract that she should have her support on the land in controversy.

Instruction refused, and defendants excepted.

The first and second issues, bearing upon the question of alleged fraud, having been found in favor of defend- ants, it becomes unnecessary to state the evidence relat- ing thereto, which was admitted over the objections of defendants.

The evidence of plaintiff relating to the third issue is substantially as follows : That she was 67 years old in April ; that immediately before this suit she was living on the Nelson Kerley place (the land in question) which her mother gave her for life; had lived there 22 or 23 years; that her daughter, now dead, lived with her ; that Daniel, who is D. O. Baker, the defendant, was born there; that she raised and educated him and looked to him; after the girls married off, no one lived with her except Daniel, who ran the farm; that she had been blind for 5 years, and she looked to him for every- thing; that after her death the land was to be divided among her children.   That Philo Stephenson, a Justice of the Peace, came to her house about 6 o'clock in the evening and brought a paper there for her to sign, and asked if Daniel had read it to her ; upon her saying no,

he said Daniel ought to have done so, and that he would read it to her. He read, she was sleepy and nodded during the reading and didn't understand it, and asked what it meant? He replied it was to keep the children from coming on Daniel for back rents. She does not remember making her mark. This was in April; the next she heard of the paper was in July following; Daniel was claiming the land then, and ordered her off, and she got her son-in-law, W. Vance Mitchell, to start a suit against him, which was withdrawn for purpose of compromise. That Vance Mitchell told her that he and Daniel were trading about the land. After Vance bought it she got him to read the deed she had made to Daniel—which was the first time she had heard it read—that Vance said when he read this deed, that she was to have her support, and she said it was not named in the deed, and Vance said nothing. He didn't tell her of any contract with Daniel, but said he had got the land from Daniel. Vance was then living on the place and she was living with him, but left in August because of the way she was faring. That she did not intend to give that land to Daniel, and did not sell him her interest for $40; that the first time she heard of the $40 was when Vance read to her the deed to Daniel. That she can't recollect every thing owing to the fix her head was in.

That Blackwalder, her son-in-law, gave his interest to Daniel to stay there and take care of her—and so did Simpson Bowles—that Daniel mentioned when he came home at 10 o'clock the night that Stephenson was at the house, that he saw Stephenson when he came and when he went.

BAKER *v.* MITCHELL.

A CONTRACT MARKED EXHIBIT A,

between the two defendants, Mitchell and Baker, was read in evidence as follows :

A contract has been this day entered into between W. V. Mitchell and D. O. Baker. The following articles of agreement are this, that the said W. V. Mitchell do agree to give the said D. O. Baker two hundred dollars for his entire interest in the estate of Elizabeth Baker with interest at 8 per cent. from date. These are following exceptions : He is to have the wheat of his old field without rent; he is also to have the field on top of the mountain to sow in oats without rent ; the said W. V. Mitchell do agree that the said Elizabeth Baker shall have her maintenance on the said place, known as the Nelson Kerley tract of land.

This January 27, 1894. We have hereunto set our hands and seals.

W. V. MITCHELL, [Seal].<br>
D. O. BAKER,     [Seal].

Test : Z. P. DEAL,
     F. C. GWALTNEY.


There was evidence that a suit was brought in the Justice's Court for the $40 consideration in name of plaintiff, and that she refused to take judgment, saying that she was to have her maintenance. The defendant, Mitchell, sued out the summons, after plaintiff had left his place and moved to Blackwalder's, and about two weeks before she went there, the contract, Exhibit *A*, was drawn.

His Honor rendered judgment in favor of plaintiff and defendants appealed.

BAKER *v.* MITCHELL.

*Messrs. F. A. Linney* and *A. C. McIntosh,* for plaintiff. No counsel for defendants (appellants).

MONTGOMERY, J.: The plaintiff brought this action to have the deed in fee to the tract of land described in the complaint which she had executed to the defendant D. O. Baker, reformed so as to annex it to a covenant for the support and maintenance of the plaintiff, for her life, to be a charge upon the land, the allegation being that at the time of the execution of the deed it was intended and agreed that such charge for maintenance was to be inserted, but it was left out by the fraud of the grantee who prepared the deed for her signature.

The evidence objected to by the defendants and received by His Honor all pertained to the question of fraud in the execution of the deed. and as an issue of fraud was submitted to the jury and found for the defendant, it is unnecessary to consider the exceptions to his Honor's rulings and the evidence offered under that head.

The third issue was in these words, "Was plaintiff to have her support on the land when said deed was executed?" and the jury responded "Yes." The defendant's counsel asked the court to instruct the jury that there was no evidence to warrant a finding by the jury that there was an agreement between the parties to the deed that the plaintiff was to have a charge upon the land for her maintenance. The instruction was refused. After a most careful reading of the evidence offered we are of the opinion that it was not sufficient in a reasonable view of it to warrant the inference by the jury that there was any agreement as alleged by the plaintiff. His Honor was in error in refusing the instruction.

Error.